UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY A ARGUELLO,

    Plaintiff,

v.                         CAUSE NO.: 3:18-CV-789-RLM-MGG

WELLS FARGO BANK N A,
CLARICE WHARTON,
CLARICE FRANICE HAYES,
TIM TAYLOR,

    Defendants.

## OPINION AND ORDER

Tony A. Arguello, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Filing a lawsuit in a court which lacks jurisdiction is legally frivolous. See Haury v. Lemmon, 656 F.3d 521, 523 (7th Cir. 2011).

Mr. Arguello is an inmate at the Indiana State Prison who alleges that while he was incarcerated at the St. Joseph County Jail, Clarice Wharton and Clarice Franice Hayes used his ATM card to withdraw money from his Wells Fargo bank account without authorization. Mr. Arguello sues Ms. Wharton and

Ms. Hayes for taking his money. He sues Wells Fargo Bank for letting them do so. And, he sues South Bend Detective Tim Taylor, the officer who investigated this theft, for failing to stop it.

The complaint doesn't allege a plausible federal claim against any defendant. As to the claim against Detective Taylor, a private citizen, such as Mr. Arguello, lacks a judicially cognizable interest in the prosecution or nonprosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, Mr. Arguello's dissatisfaction with Detective Taylor's investigation of Mr. Wharton and Ms. Hayes' theft isn't actionable under federal law. Woodward v. Doe, 46 F.3d 1134 (7th Cir. 1995) (*citing* Linda R.S. v. Richard D., 410 U.S. at 614)). Next, it appears that Mr. Arguello is suing Mr. Wharton, Ms. Hayes and Wells Fargo under state law. He sues Mr. Wharton and Ms. Hayes for taking his money without permission, which is theft. Sapp v. Flagstar Bank, FSB, 956 N.E.2d 660, 667 (Ind. Ct. App. 2011) (noting that the state law claim of theft occurs when "a person knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. . .."). And, it appears he is suing the bank for a breach of contract or negligence. *See* Mutual Serv. Cas. Ins. Co. v. Elizabeth State Bank, 265 F.3d 601 (7th Cir. 2001) (noting that claim against bank for failing to use ordinary care by allowing an unauthorized signer to withdraw funds from an account can be in either tort or contract).

Federal courts have limited jurisdiction. Northeastern Rural Elec. Membership Corp. v. Wabash Valley, 707 F.3d 883, 890 (7th Cir. 2013). Though

2

it's possible to bring State law claims in federal court, "to support diversity jurisdiction under 28 U.S.C. sec. 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $ 75,000)." Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 881 (7th Cir. 2001). The complaint doesn't say what amount is in controversy, but it appears to be well short of $75,000.[1] Additionally, Mr. Arguello hadn't made any allegations about either his citizenship, nor that of the defendants. The court will give Mr. Arguello an opportunity to file an amended complaint if he believes he can meet the requirements of diversity jurisdiction.

Though the complaint does not state a claim for which relief can be granted, the court will grant Mr. Arguello an opportunity to file an amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). Mr. Arguello should only file an amended complaint if he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, a copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order, and he should organize his narrative in numbered paragraphs.

---

[1] In a subsequent filing, Mr. Arguello claims that each of the defendants owe him $1492.77. ECF 5 at 7. The court assumes that is the amount Mr. Arguello alleges was wrongfully taken out of his Wells Fargo account.

3

As a final matter, Mr. Arguello filed a motion for leave to appeal in in forma pauperis. ECF 5. Mr. Arguello seems to be under the belief that this case was closed due to the prison mail room not sending materials to the court. Id. at 1. That's not the case. Mr. Arguello hasn't missed any deadlines, this case isn't closed, and this case is not on appeal with the court of appeals. There is no need for Mr. Arguello to seek leave to appeal in forma pauperis.

For these reasons, the court:

(1) DENIES the motion for leave to proceed on appeal in forma pauperis (ECF 5); and

(2) GRANTS Tony A. Arguello until <u>December 17, 2018</u>, to file an amended complaint.

If Mr. Arguello doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on November 27, 2018

<u>/s/ Robert L. Miller, Jr.</u>
JUDGE
UNITED STATES DISTRICT COURT