UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY A. ARGUELLO,

    Plaintiff,

    v.                                   CAUSE NO.: 3:18-CV-789-RLM-MGG

WELLS FARGO BANK N.A.,
CLARICE WHARTON,
CLARICE FRANICE HAYES,
TIM TAYLOR,

    Defendants.

## OPINION AND ORDER

This case began when Tony A. Arguello, a prisoner without a lawyer, filed a complaint that didn't properly allege this court had jurisdiction over the claims he presented. Mr. Arguello was granted leave to amend and has now filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Filing a lawsuit in a court that doesn't have jurisdiction is legally frivolous. See Haury v. Lemmond, 656 F.3d 521, 523 (7th Cir. 2011). Thus, to avoid dismissal for lack of subject matter jurisdiction, Mr.

Arguello must show that either diversity or federal question jurisdiction exists. Bovee v. Broom, 732 F.3d 743, 744 (7th Cir. 2013).

Mr. Arguello is an inmate at the Indiana State Prison who alleges that while he was incarcerated at the St. Joseph County Jail, Clarice Wharton and Clarice Franice Hayes used his ATM card to withdraw money from his Wells Fargo bank account without authorization. Mr. Arguello is suing Ms. Wharton and Ms. Hayes for taking his money. He is suing Wells Fargo Bank for letting them do so. And, he is suing South Bend Detective Tim Taylor, the officer who investigated the theft, for failing to stop it. But Mr. Arguello doesn't allege the three private citizens he is suing were acting under color of State law when they either stole his money or improperly investigated the theft. This means that Mr. Arguello's amended complaint doesn't allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. He hasn't identified any constitutional provision or federal statute as a basis for his claims, and the facts presented don't suggest that any federal constitutional or statutory violation has occurred. Thus, federal question jurisdiction doesn't exist.

The amended complaint doesn't allege facts sufficient to support a finding that the court has diversity jurisdiction. Diversity jurisdiction exists only if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Mr. Arguello and all defendants. *See* 28 U.S.C. § 1332. The amended complaint doesn't state what amount is in controversy, but in a different court filing (ECF 5), Mr. Arguello said Ms. Wharton and Ms. Hayes each owe him $1,492.77, the amount the court presumes

was wrongfully taken from his Wells Fargo account. ECF 6 at 3 n. 1. This falls short of the required $75,000 threshold.

Even if Mr. Arguello could satisfy the amount in controversy, he hasn't satisfied the complete diversity of citizenship requirement. The amended complaint doesn't allege the citizenship of either the plaintiff or the defendants. Based on the descriptions given in the amended complaint, it appears all parties are citizens of Indiana. Therefore, this court lacks jurisdiction over these claims and the case must be dismissed. The dismissal will be without prejudice so Mr. Arguello may file these claims in an Indiana state court which has jurisdiction over them.

For these reasons, the court:

(1) DISMISSES the amended complaint (ECF 9) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(2) DIRECTS the Clerk to close this case.

SO ORDERED on February 27, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT